NO. 07-10-00254-CV
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL E
 
--------------------------------------------------------------------------------
JUNE 28, 2011
--------------------------------------------------------------------------------

 
 IN RE R. WAYNE JOHNSON, RELATOR
--------------------------------------------------------------------------------

 

Before CAMPBELL and HANCOCK, JJ. and BOYD, S.J.

 MEMORANDUM OPINION
 
Relator R. Wayne Johnson, acting pro se, seeks a writ of mandamus directed at respondent, the Honorable Robert W. Kinkaid, Jr., Judge of the 64[th] District Court of Hale County. Relators amended petition asks that we direct Judge Kinkaid to sign an order granting relator's request for a temporary restraining order. We will deny relator's amended petition.
To be entitled to mandamus relief in a circumstance like this, a relator must show that the trial court clearly abused its discretion and the relator has no adequate remedy by appeal. In re McAllen Medical Center Inc., 275 S.W.3d 458, 462 (Tex. 2008), citing In re Prudential Ins. Co. of Am., 148 S.W.3d 124, 135-36 (Tex. 2004). The mandamus record must include every document that is material to the claim for relief and that was filed in the underlying proceeding. Tex. R. App. P. 52.7; Dallas Morning News v. Fifth Court of Appeals, 842 S.W.2d 655, 658 (Tex. 1992). This means relator must provide an adequate record to substantiate the allegations contained in the petition for mandamus. Id.; Packer, 827 S.W.2d 833, 837 (Tex. 1992). Absent a sufficient record, mandamus will not issue. Id. 
 Relator asserts he filed "a TRO" and an "amended TRO" in the trial court and sent copies directly to respondent. The record does not contain copies of either application, making the record insufficient on which to grant relator's petition for mandamus. Tex. R. App. P. 52.7; Dallas Morning News, 842 S.W.2d at 658; Packer, 827 S.W.2d at 837. For that reason alone, relator's petition must be denied. 
Moreover, relator's amended petition falls considerably short of demonstrating Judge Kincaid clearly abused his discretion with respect to relator's request for relief. The petition does not demonstrate even minimal compliance with the rules regarding issuance of a temporary restraining order. See, e.g., Tex. R. Civ. P. 680, 684. 
Nor does relator demonstrate compliance with other provisions of law applicable to his civil suit. Through the numerous appeals and original proceedings relator has filed in this court, we take judicial notice of the prefiling order that requires relator to obtain the permission of the local administrative judge before filing a civil suit in a Texas court. See Tex. Civ. Prac. & Rem. Code Ann. § 11.101 et seq. (West 2002); Tex. R. Civ. P. 685 (on grant of temporary restraining order, cause shall be entered on docket of court if not pertaining to pending suit). Nothing shows relator has complied with Chapter 11 of the Civil Practice and Remedies Code. 
Relator's petition indicates also that relator is an inmate in the Institutional Division of the Texas Department of Criminal Justice. The action he seeks to bring in Judge Kincaid's court is not brought under the Family Code. The action therefore is subject to the inmate litigation provisions of Chapter 14 of the Civil Practice and Remedies Code, and nothing demonstrates relator has complied with its requirements. See Tex. Civ. Prac. & Rem. Code Ann. §§ 14.002 (scope of chapter), 14.004 (requiring filing of affidavit relating to previous filings) (West 2009).
For all those reasons, relator's mandamus petition fails to demonstrate an abuse of discretion on Judge Kincaid's part. 
Lastly, while the body of relator's petition for mandamus indicates he is asking this court to order Judge Kincaid to either grant or deny his request for a temporary restraining order, the order relator has submitted with his petition, which relator requests that we direct the judge to sign, grants the relief sought. Relator thus is not simply asking us to direct the trial court to rule, he is asking us to direct the ruling of the trial court on a matter on which it has not ruled, an improper request. See, e.g., In re Duffy, No. 07-09-0090-CV, 2009 Tex. App. Lexis 2738, at *4-5 (Tex.App.--Amarillo Apr. 20, 2009, orig. proceeding) (mem. op.); In re Minnfee, No. 07-09-0005-CV, 2009 Tex. App. Lexis 332, at *1-2 (Tex.App.--Amarillo Jan. 16, 2009, orig. proceeding) (per curiam). 
For the reasons stated, we deny the petition for writ of mandamus. 

 James T. Campbell
 Justice